



FILED
**Apr 20, 2018**
**02:57 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | |
|---|---|
| April Heard | ) Docket No. 2017-08-1070 |
| | ) |
| v. | ) |
| | ) State File No. 65603-2017 |
| Carrier Corporation, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Amber E. Luttrell, Judge | ) |

---

**Affirmed and Remanded – Filed April 20, 2018**

---

In this interlocutory appeal, the employee suffered a compensable injury when she was pushed by a robotic cart at work. The authorized treating physician released the employee to return to work with restrictions and the employer agreed to accommodate her restrictions. Thereafter, however, the employee was identified as one of hundreds of employees subject to a seasonal layoff pursuant to the terms of a collective bargaining agreement. The employee sought temporary partial disability benefits during the layoff, which the employer declined to provide. Following an expedited hearing, the trial court determined the employee was not entitled to the additional temporary benefits and the employee has appealed. We affirm the decision of the trial court and remand the case.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

April S. Heard, Memphis, Tennessee, employee-appellant, pro se

Eugene S. Forrester, Jr., and Garrett M. Estep, Memphis, Tennessee, for the employer-appellee, Carrier Corporation

**Factual and Procedural Background**

April S. Heard ("Employee") worked as an inventory control technician for Carrier Corporation ("Employer") at its location in Collierville, Tennessee.[1] On August

---

[1] The parties did not file a transcript of the expedited hearing, but Employer filed a proposed "Joint Statement of the Evidence," which was not signed by Employee. Subsequently, the trial court resolved this issue and entered an order approving the statement of the evidence in accordance with Tenn. Comp.

24, 2017, Employee was pushed by a robotic cart and suffered injuries that Employer accepted as compensable. The authorized physician, Dr. Robert Lonergan, diagnosed strains and contusions to Employee's thoracic and lumbar spine, as well as contusions to her legs and arms. On August 30, 2017, Dr. Lonergan indicated Employee could return to work with restrictions. Employer offered to accommodate the restrictions, and Employee returned to work the evening of August 30.

However, as of September 1, 2017, Employee was identified as one of approximately four hundred employees subject to a seasonal layoff pursuant to the terms of a collective bargaining agreement. Employee asserted she was entitled to temporary partial disability benefits during the layoff, but Employer declined to provide those benefits.[2] At the expedited hearing, Employer argued it had accommodated Employee's restrictions and, but for the unrelated seasonal layoff, she could have continued working in a light duty capacity and was therefore not entitled to temporary disability benefits during the period of the layoff. Employee argued she did not work elsewhere during the layoff and did not receive unemployment compensation because she was "under workers' compensation." She argued, therefore, she should be entitled to temporary partial disability benefits during the period of her layoff. The trial court denied her claim for temporary partial disability benefits, and Employee has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2017). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a

---

R. & Regs. 0800-02-22-.02(1) (2017). Thus, we have gleaned the facts from the pleadings, exhibits, the approved statement of the evidence, and the trial court's expedited hearing order.

[2] On January 3, 2018, Employee returned to work for Employer in a sedentary position, but was subsequently taken out of work by Dr. Lonergan on or about January 22, 2018. Employee's entitlement to temporary disability benefits as of January 22, 2018 was not an issue during the expedited hearing, and we do not address it.

way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2017).

## Analysis

To qualify for temporary disability benefits, an employee must establish: (1) that he or she became disabled from working due to a compensable injury; (2) that there is a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Jones v. Crencor Leasing and Sales*, No. 2015-06-0332, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Tenn. Workers' Comp. App. Bd. Dec. 11, 2015) (citing *Simpson v. Satterfield*, 564 S.W.2d 953, 955 (Tenn. 1978)). Temporary partial disability benefits ("TPD"), a category of vocational disability distinct from temporary total disability, is available when the temporary disability is not total. *See* Tenn. Code Ann. § 50-6-207(1)-(2) (2017). Specifically, "[t]emporary partial disability refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery." *Williams v. Saturn Corp.*, No. M2004-01215-WC-R3-CV, 2005 Tenn. LEXIS 1032, at *6 (Tenn. Workers' Comp. Panel Nov. 15, 2005). Thus, in circumstances where the treating physician has released the injured worker to return to work with restrictions prior to maximum recovery, and the employer either (1) cannot return the employee to work within the restrictions or (2) cannot provide restricted work for a sufficient number of hours and/or at a rate of pay equal to or greater than the employee's average weekly wage on the date of injury, the injured worker may be eligible for temporary partial disability. *Jones*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *8.

In the present case, the trial court determined Employee accepted Employer's offer of a position accommodating her work restrictions. Employee's subsequent layoff was unrelated to the physical requirements of her restricted position or Employer's ability to accommodate her restrictions. She was selected for the layoff based on the terms of a collective bargaining agreement, and there is no evidence she was treated differently from other employees in similar circumstances. In short, the evidence presented at the expedited hearing does not preponderate against the trial court's determination that Employee "has not met the requirements for TPD benefits."

Moreover, Employee has not filed a brief on appeal, and she has made no substantive arguments to explain how she asserts the trial court erred in its determination. She attached to her notice of appeal medical records that were not provided to the trial court and were not admitted into evidence at the expedited hearing. We will not consider documents or other materials on appeal that were not admitted into evidence and available for the trial court's consideration. *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *13, n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015).

3

We note that Employee is self-represented in this appeal, as she was in the trial court. Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). Yet, as explained by the Tennessee Court of Appeals:

> The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted). We conclude that the trial court's determination in this case is supported by the preponderance of the evidence.

## Conclusion

In light of the foregoing, the trial court's decision is affirmed and the case is remanded to the trial court for additional proceedings.

4



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| April Heard | ) | Docket No. 2017-08-1070 |
| | ) | |
| v. | ) | State File No. 65603-2017 |
| | ) | |
| Carrier Corporation, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Amber E. Luttrell, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 20th day of April, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| April Heard | | | | | X | aprilheard72@yahoo.com |
| Eugene S. Forrester | | | | | X | cforrester@farris-law.com |
| Amber E Luttrell, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

*Matthew Salyer*

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov